UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| | Omnibus Order Overruling Defendant's Objection to the Magistrate Judge's Report & Recommendation, Modifying and Adopting the R&R, Denying Plaintiffs' Motions for Leave, and Remanding Cases |
| Delicha Johnson v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00467-CDS-MDC |
| Brooklyn Richards v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00468-CDS-MDC |
| Christopher Hicks v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00469-CDS-MDC |
| Frank Medina v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00470-CDS-MDC |
| Diana Serotta v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00471-CDS-MDC |
| John Lepore v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00474-CDS-MDC |
| Joseline Lugo v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00475-CDS-MDC |
| Kim Sisemore v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00477-CDS-MDC |
| Mark Carson v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00478-CDS-MDC |
| Maria Argueta v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00479-CDS-MDC |

| | |
|---|---|
| Olga Granados v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00480-CDS-MDC |
| Mariolis Prieto v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00481-CDS-MDC |
| Ulises Ramirez v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00482-CDS-MDC |
| Mauricio Rivera v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00483-CDS-MDC |
| Patricia Hutchinson v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00484-CDS-MDC |
| Tom Faneuff v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00486-CDS-MDC |
| Vessela Popstoyanova v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00490-CDS-MDC |
| Paul Estrada v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00491-CDS-MDC |
| Roctiv Garcia v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00493-CDS-MDC |
| Yuri Hurtado v. Portfolio Recovery Associates, LLC | Case No. 2:25-cv-00494-CDS-MDC |

These are a collection of removed Fair Debt Collection Practices Act (FDCPA) cases brought by the named plaintiffs against defendant Portfolio Recovery Associates, LLC. In each case, Portfolio Recovery filed a motion to dismiss for failing to state a claim, which all the plaintiffs oppose. Each individual plaintiff filed a motion to remand. Portfolio Recovery opposed each motion. I referred these motions to United States Magistrate Judge Maximiliano Couvillier

for a report and recommendation (R&R). On May 29, 2025, Judge Couvillier issued an R&R recommending that I grant the plaintiffs' motions to remand, deny as moot the defendant's motion to dismiss, or alternatively, for a more definite statement, and—to the extent the defendant's opposition included what was construed as a countermotion to dismiss for lack of standing—that the countermotion be denied as moot. *See* R&R, ECF No. 26 at 10–11.[1] The R&R makes two primary determinations: (1) that this court lacks subject matter jurisdiction and (2) that the cases should be remanded. *Id.*

On June 13, 2025, Portfolio Recovery filed an objection to the R&R in each case, which the plaintiffs oppose. Obj., ECF No. 30; Resp., ECF No. 31. Finally, on July 10, 2025, the plaintiffs filed a motion for leave to file supplemental authority in support of their motions to remand and responses to the defendant's objection. Mot., ECF No. 33.[2] Portfolio Recovery opposes the motion. Opp'n, ECF No. 34.

For the reasons set forth herein, I overrule Portfolio Recovery's objection to the R&R, affirm and adopt the R&R, and modify it to incorporate the analysis below. Accordingly, Portfolio Recovery's motions to dismiss or for a more definite statement are denied, plaintiffs' motions to remand are granted, and the construed motion to dismiss for lack of standing filed by Portfolio Recovery in opposition to the motion for remand is denied in each action. I also deny the plaintiffs' motions for leave to file supplemental authority.

I.     **Legal Standard**

"Any party wishing to object to a magistrate judge's findings and recommendations . . . must file and serve specific written objections with supporting points and authorities." LR IB 3-2(a). When a party timely objects to a magistrate judge's R&R, the court is required to "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. §

---

[1] For ease, I only cite docket numbers issued in case number 2:25-cv-00467-CDS-MDC, as that is the lowest case number. The same motions and the same R&R were docketed in each action.

[2] This is the corrected version of the filing. In each case, the court only considered the corrected image of the motion to file supplemental authority, but for ease of resolving the pending motions, the original docket number is included in the conclusion of this order.

3

636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

II.    Discussion

As a threshold matter, I deny the plaintiffs' motion for leave to file supplemental authority. ECF No. 33. I agree with the defendant that the "supplemental authority," which is just the minutes from a motions calendar, neither explains the issues raised in the summary judgment motions, nor does it provide any explanation or analysis as to why the plaintiff's summary judgment motion should be granted and the defendant's countermotion should be denied. *See* Pl.'s Ex. A, ECF No. 33-1. Accordingly, a minute order, without more, is neither persuasive nor helpful, so the motion for leave is denied.

Portfolio Recovery's objections to the R&R lie squarely with Judge Couvillier's recommendation that these actions be remanded back to state court. *See* ECF No. 30. It first argues that because Judge Couvillier found that the plaintiffs lacked Article III standing, it was incorrect for him to remand the cases instead of dismissing them because remand is futile: the complaints suffer the same lack of injury-in-fact in state court. *Id.* at 6. Portfolio Recovery also argues that there is standing, conceding that the plaintiffs' complaint is "almost entirely bereft of factual allegations, the threadbare Complaint does emphasize at the outset the purported harms caused by FDCPA violations, including 'bankruptcies, marital instability, the loss of jobs, and invasion of individual privacy,'" *id.* at 9 (citing ECF No. 1-1), while simultaneously arguing that Judge Couvillier erred in finding that the plaintiffs did not properly allege an injury-in-fact. *Id.* at 8.

Plaintiffs respond that the R&R should be affirmed in full because this action was improperly removed; the plaintiffs are only seeking statutory damages, not actual ones. *See* Resp., ECF No. 31 at 3. Plaintiffs further argue that the defendant removed these actions in bad faith because there was no Article III standing at the time they were removed, which the defendant knew but removed anyway. *Id.* at 4–9. Last, plaintiffs argue that Portfolio Recovery failed to

show "with absolute certainty" that their cases would be dismissed for lack of standing if remanded. *Id.* at 9–11.

      Having conducted a de novo review, I overrule Portfolio Recovery's objection. First, I find that Judge Couvillier was correct in finding that the plaintiffs have no Article III standing. As there is a strong presumption against removal jurisdiction, it is Portfolio Recovery's burden to demonstrate removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." (citations omitted)). Portfolio Recovery fails to meet this burden because its objection offers nothing more than mere insistence that Article III standing exists. There is no dispute that to establish standing a plaintiff "must have suffered an injury-in-fact—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations omitted). Indeed, injury-in-fact is the "[f]irst and foremost of standing's three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998)) (alteration in *Spokeo, Inc.*). While Portfolio Recovery asserts that the complaint is "almost entirely bereft of factual allegations" and is "threadbare," *see* ECF No. 30 at 9, it also confusingly argues that the complaint's statement that bankruptcies, marital instability, the loss of jobs, and invasion of individual privacy," is sufficient to demonstrate an injury-in-fact. ECF No. 30 at 9 (citing ECF No. 1-1 at ¶ 1). But this general statement about the possible alleged harms stemming from debt collection practices is neither concrete nor particularized as not one plaintiff asserts that they have suffered any of these harms. *See Spokeo, Inc.*, 578 U.S. at 339 (stating that a particularized injury "must affect the plaintiff in a personal and individual way") (internal citation omitted). Arguing that plaintiffs have Article III standing while also essentially arguing that the

complaints lack an injury-in-fact is not only a fallacy,[3] but an unsuccessful attempt to dismiss these cases in federal court while trying to circumvent the basic requirement to properly remove an action to federal court, which includes Article III standing. Thus, if the plaintiffs seemingly fail to establish an injury-in-fact in their complaints[4] when they were filed in state court, thus making dismissal, not remand, appropriate here, then it was improper to remove the cases to begin with because there was no standing from the start. But the court need not resolve this circular argument because both the Supreme Court and Ninth Circuit have consistently held that remand is the appropriate remedy once it is established that a plaintiff lacks Article III standing. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) ("Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III."); *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196–98 (9th Cir. 2016) (holding that 28 U.S.C. § 1447(c) requires remand of "the case" to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," compelled remand to state court when the plaintiff lacked Article III standing in district court but could have had standing to pursue those claims in state court.); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.6 (9th Cir. 2018) (holding that "[as] a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court").

---

[3] *See* Obj., ECF No. 30 at 3 ("The Complaint **alludes** to harms from FDCPA violations including 'invasion of individual privacy,' and Plaintiff references 'sensitive financial details' disclosed to an unauthorized third-party mail vendor." (emphasis added)); *id.* at 8 ("By originally filing this action in Nevada state court, which requires the **same showing of standing** as federal courts under Article III, Plaintiffs necessarily alleged they have suffered injury-in-fact, regardless of the relief sought.").

[4] Obj., ECF No. 30 at 9 ("[I]t is illogical to conclude that each of the 20 Plaintiffs, all of whom were motivated to retain counsel and file suit, did not contend that they suffered an injury-in-fact from PRA's alleged conduct.").

Second, Portfolio Recovery fails to demonstrate with absolute certainty that its actions would be dismissed if remanded to state court. Judge Couvillier correctly determined that the "FDCPA gives plaintiffs a right and provides a statutory vehicle to vindicate that right" and that "appears to be precisely the minimum requirements for standing under Nevada law, and Portfolio does not show otherwise." *See* ECF No. 26 at 9–10. Indeed, Congress authorized citizens to vindicate their rights under the FDCPA in either federal or state court. *See* 15 U.S.C. § 1681p; *see also Soto v. Great Am. LLC*, 2018 WL 2364916, at *5 (N.D. Ill. May 24, 2018) ("[T]his means that a state court potentially has jurisdiction over a federal statutory violation in an instance where a federal court does not . . . ."). NRS 649.370 explicitly states that violations of the FDCPA or its regulations are considered violations of Nevada's Chapter 649. That statute states that "[a] violation of any provision of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1682 et seq., or any regulation adopted pursuant thereto, shall be deemed to be a violation of this chapter." Nev. Rev. Stat. § 649.370.

Further, as relevant here, the FDCPA itself provides for statutory damages in certain circumstances. *See* 15 U.S.C. § 1692k(a) (a plaintiff may recover statutory damages up to $1,000 for individual actions and additional damages in class actions.). While NRS 649.370 does not expand upon or modify these federal remedies, it does incorporate FDCPA violations into Nevada law. Thus, even when a plaintiff lacks standing to assert a FDCPA right in federal court, this does not preclude the plaintiff from asserting that same right in state court, assuming the state court's potentially more lenient justiciability requirements together with authorization to pursue such claims are authorized. *Miranda v. Magic Mountain LLC*, 2018 WL 571914, at *3 (C.D. Cal. Jan. 25, 2018) ("While it may strike some as nonsensical that a state court has jurisdiction to adjudicate a federal claim when a federal court does not, this is in fact a notable quirk of the United States federalist system."). The leniency of Nevada's statutory standing requirements is properly addressed in the R&R. *See* ECF No. 26 at 9 (citing *Nat'l Ass'n of Mut. Ins. Co. v. State Dep's of Bus.*, 524 P.3d 470, 476 (Nev. 2023) (citation modified) (Supreme Court of Nevada recognizing

that "statutory standing in cases where the Legislature has created a right and provided a statutory vehicle to vindicate that right that relaxes otherwise applicable standing requirements") and *Fergason v. LVMD*, 364 P.3d 592, 600 (Nev. 2015) ("Nevada has a long-standing history of recognizing statutory rights that are broader than those afforded to citizens by constitutional standing." (internal quotations and citation omitted))). And Portfolio Recovery's argument is even less persuasive given the procedural history of this case. Portfolio Recovery promptly removed each action to federal court, prior to any attempt or motions practice related to amending the complaints. Should there be any pleading defect, the plaintiffs could potentially amend under Nevada's less stringent notice-pleading standard.[5] *See Nutton v. Sunset Station, Inc.*, 2015 Nev. App. LEXIS 4 (Nev. 2015) ("Nevada is a 'notice pleading' state, which means that the ultimate facts alleged within the pleadings need not be recited with particularity . . . , much less supported by citations to evidence and testimony within the pleading . . . ."). But this issue is one properly resolved by the state courts.

Accordingly, the report and recommendation of the magistrate judge properly determined that remand, not dismissal, is appropriate here. Based on a de novo review of the factual allegations, I agree with the conclusions of the R&R and find that this court lacks subject matter jurisdiction and the cases should therefore be remanded. Therefore, Portfolio Recovery's objection to the R&R is overruled in each action.

### III.  Conclusion

IT IS THEREFORE ORDERED that the following objections are **OVERRULED**:

2:25-cv-00467-CDS-MDC at [ECF No. 30]; 2:25-cv-00468-CDS-MDC at [ECF No. 27];[6]

2:25-cv-00469-CDS-MDC at [ECF No. 30];[7] 2:25-cv-00470-CDS-MDC at [ECF No. 29];[8]

---

[5] The same reasoning defeats Portfolio Recovery's futility argument. While this court does not disagree that the complaint contains limited allegations, it is far from clear at this juncture if the state court would dismiss plaintiff's claims.

[6] The duplicate filing in 2:25-cv-00468-CDS-MDC at [ECF No. 26] is stricken.

[7] The duplicate filing in 2:25-cv-00469-CDS-MDC at [ECF No. 29] is stricken.

[8] The duplicate filing in 2:25-cv-00470-CDS-MDC at [ECF No. 28] is stricken.

2:25-cv-00471-CDS-MDC at [ECF No. 23];[9] 2:25-cv-00474-CDS-MDC at [ECF No. 26];[10] 2:25-cv-00475-CDS-MDC at [ECF No. 28]; 2:25-cv-00477-CDS-MDC at [ECF No. 29]; 2:25-cv-00478-CDS-MDC at [ECF No. 23];[11] 2:25-cv-00479-CDS-MDC at [ECF No. 27];[12] 2:25-cv-00480-CDS-MDC at [ECF No. 28];[13] 2:25-cv-00481-CDS-MDC at [ECF No. 22];[14] 2:25-cv-00482-CDS-MDC at [ECF No. 26];[15] 2:25-cv-00483-CDS-MDC at [ECF No. 25];[16] 2:25-cv-00484-CDS-MDC at [ECF No. 29];[17] 2:25-cv-00486-CDS-MDC at [ECF No. 27]; 2:25-cv-00490-CDS-MDC at [ECF No. 24];[18] 2:25-cv-00491-CDS-MDC at [ECF No. 26];[19] 2:25-cv-00493-CDS-MDC at [ECF No. 26];[20] and 2:25-cv-00494-CDS-MDC at [ECF No. 27].[21]

IT IS FURTHER ORDERED that the report and recommendations, docketed as follows, are **AFFIRMED IN FULL** and hereby **ADOPTED** and modified to reflect this court's analysis:

2:25-cv-00467-CDS-MDC at [ECF No. 26]; 2:25-cv-00468-CDS-MDC at [ECF No. 24];

2:25-cv-00469-CDS-MDC at [ECF No. 27]; 2:25-cv-00470-CDS-MDC at [ECF No. 26];

2:25-cv-00471-CDS-MDC at [ECF No. 20]; 2:25-cv-00474-CDS-MDC at [ECF No. 23];

2:25-cv-00475-CDS-MDC at [ECF No. 24]; 2:25-cv-00477-CDS-MDC at [ECF No. 25];

2:25-cv-00478-CDS-MDC at [ECF No. 21]; 2:25-cv-00479-CDS-MDC at [ECF No. 25];

2:25-cv-00480-CDS-MDC at [ECF No. 25]; 2:25-cv-00481-CDS-MDC at [ECF No. 19];

2:25-cv-00482-CDS-MDC at [ECF No. 23]; 2:25-cv-00483-CDS-MDC at [ECF No. 23];

2:25-cv-00484-CDS-MDC at [ECF No. 26]; 2:25-cv-00486-CDS-MDC at [ECF No. 23];

---

[9] The duplicate filing in 2:25-cv-00471-CDS-MDC at [ECF No. 22] is stricken.
[10] The duplicate filing in 2:25-cv-00474-CDS-MDC at [ECF No. 25] is stricken.
[11] The duplicate filing in 2:25-cv-00478-CDS-MDC at [ECF No. 22] is stricken.
[12] The duplicate filing in 2:25-cv-00479-CDS-MDC at [ECF No. 26] is stricken.
[13] The duplicate filing in 2:25-cv-00480-CDS-MDC at [ECF No. 27] is stricken.
[14] The duplicate filing in 2:25-cv-00481-CDS-MDC at [ECF No. 21] is stricken.
[15] The duplicate filing in 2:25-cv-00482-CDS-MDC at [ECF No. 25] is stricken.
[16] The duplicate filing in 2:25-cv-00483-CDS-MDC at [ECF No. 24] is stricken.
[17] The duplicate filing in 2:25-cv-00484-CDS-MDC at [ECF No. 28] is stricken.
[18] The duplicate filing in 2:25-cv-00490-CDS-MDC at [ECF No. 23] is stricken.
[19] The duplicate filing in 2:25-cv-00491-CDS-MDC at [ECF No. 25] is stricken.
[20] The duplicate filing in 2:25-cv-00493-CDS-MDC at [ECF No. 25] is stricken.
[21] The duplicate filing in 2:25-cv-00494-CDS-MDC at [ECF No. 26] is stricken.

2:25-cv-00490-CDS-MDC at [ECF No. 21]; 2:25-cv-00491-CDS-MDC at [ECF No. 23]; 2:25-cv-00493-CDS-MDC at [ECF No. 24]; and 2:25-cv-00494-CDS-MDC at [ECF No. 24].

IT IS FURTHERED ORDERED that the defendant's motion to dismiss, docketed as follows, are **DENIED as moot** in each action, and each plaintiff's motion to remand, docketed as follows, are **GRANTED**:

2:25-cv-00467-CDS-MDC at [ECF Nos. 9; 13]; 2:25-cv-00468-CDS-MDC at [ECF Nos. 8, 12]; 2:25-cv-00469-CDS-MDC at [ECF Nos. 8, 13]; 2:25-cv-00470-CDS-MDC at [ECF Nos. 10, 14]; 2:25-cv-00471-CDS-MDC at [ECF Nos. 7, 12]; 2:25-cv-00474-CDS-MDC at [ECF Nos. 7, 12]; 2:25-cv-00475-CDS-MDC at [ECF Nos. 9, 13]; 2:25-cv-00477-CDS-MDC at [ECF Nos. 9, 13]; 2:25-cv-00478-CDS-MDC at [ECF Nos. 8, 13]; 2:25-cv-00479-CDS-MDC at [ECF Nos. 7, 13]; 2:25-cv-00480-CDS-MDC at [ECF Nos. 8, 13]; 2:25-cv-00481-CDS-MDC at [ECF Nos. 6, 11]; 2:25-cv-00482-CDS-MDC at [ECF Nos. 8, 12]; 2:25-cv-00483-CDS-MDC at [ECF Nos. 6, 11]; 2:25-cv-00484-CDS-MDC at [ECF Nos. 10, 14]; 2:25-cv-00486-CDS-MDC at [ECF Nos. 8, 14]; 2:25-cv-00490-CDS-MDC at [ECF Nos. 7, 12]; 2:25-cv-00491-CDS-MDC at [ECF Nos. 8, 15]; 2:25-cv-00493-CDS-MDC at [ECF Nos. 6, 12]; and 2:25-cv-00494-CDS-MDC at [ECF Nos. 7, 12].

IT IS FURTHER ORDERED that the plaintiffs' motions for leave to file documents docketed as follows are **DENIED**:

2:25-cv-00467-CDS-MDC at [ECF No. 32]; 2:25-cv-00468-CDS-MDC at [ECF No. 29]; 2:25-cv-00469-CDS-MDC at [ECF No. 32]; 2:25-cv-00470-CDS-MDC at [ECF No. 31]; 2:25-cv-00471-CDS-MDC at [ECF No. 25]; 2:25-cv-00474-CDS-MDC at [ECF No. 28]; 2:25-cv-00475-CDS-MDC at [ECF No. 30]; 2:25-cv-00477-CDS-MDC at [ECF No. 31]; 2:25-cv-00478-CDS-MDC at [ECF No. 25]; 2:25-cv-00479-CDS-MDC at [ECF No. 29]; 2:25-cv-00480-CDS-MDC at [ECF No. 30]; 2:25-cv-00481-CDS-MDC at [ECF No. 24]; 2:25-cv-00482-CDS-MDC at [ECF No. 28]; 2:25-cv-00483-CDS-MDC at [ECF No. 27];

2:25-cv-00484-CDS-MDC at [ECF No. 31]; 2:25-cv-00486-CDS-MDC at [ECF No. 29]; 2:25-cv-00490-CDS-MDC at [ECF No. 26]; 2:25-cv-00491-CDS-MDC at [ECF No. 28]; 2:25-cv-00493-CDS-MDC at [ECF No. 28]; and 2:25-cv-00494-CDS-MDC at [ECF No. 29].

The Clerk of Court kindly directed to remand each of the listed actions and close each case:

- 2:25-cv-00467-CDS-MDC to the Eighth Judicial District Court, Department 5, Case Number A-25-911748-C;
- 2:25-cv-00468-CDS-MDC to the Eighth Judicial District Court, Department 1, Case Number A-25-911743-C;
- 2:25-cv-00469-CDS-MDC to the Eighth Judicial District Court, Department 26, Case Number A-25-911746-C;
- 2:25-cv-00470-CDS-MDC to the Eighth Judicial District Court, Department 27, Case Number A-25-911754-C;
- 2:25-cv-00471-CDS-MDC to the Eighth Judicial District Court, Department 10, Case Number A-25-911752-C;
- 2:25-cv-00474-CDS-MDC to the Eighth Judicial District Court, Department 29, Case Number A-25-911756-C;
- 2:25-cv-00475-CDS-MDC to the Eighth Judicial District Court, Department 7, Case Number A-25-911759-C;
- 2:25-cv-00477-CDS-MDC to the Eighth Judicial District Court, Department 11, Case Number A-25-911761-C;
- 2:25-cv-00478-CDS-MDC to the Eighth Judicial District Court, Department 4, Case Number A-25-911742-C;
- 2:25-cv-00479-CDS-MDC to the Eighth Judicial District Court, Department 21, Case Number A-25-911763-C;
- 2:25-cv-00480-CDS-MDC to the Eighth Judicial District Court, Department 20, Case Number A-25-911747-C;
- 2:25-cv-00481-CDS-MDC to the Eighth Judicial District Court, Department 19, Case Number A-25-911765-C;
- 2:25-cv-00482-CDS-MDC to the Eighth Judicial District Court, Department 21, Case Number A-25-911757-C;
- 2:25-cv-00483-CDS-MDC to the Eighth Judicial District Court, Department 5, Case Number A-25-911745-C;
- 2:25-cv-00484-CDS-MDC to the Eighth Judicial District Court, Department 6, Case Number A-25-911749-C;
- 2:25-cv-00486-CDS-MDC to the Eighth Judicial District Court, Department 25, Case Number A-25-911755-C;
- 2:25-cv-00490-CDS-MDC to the Eighth Judicial District Court, Department 28, Case Number A-25-911762-C;

- 2:25-cv-00491-CDS-MDC to the Eighth Judicial District Court, Department 8, Case Number A-25-911751-C;
- 2:25-cv-00493-CDS-MDC to the Eighth Judicial District Court, Department 31, Case Number A-25-911753-C; and
- 2:25-cv-00494-CDS-MDC to the Eighth Judicial District Court, Department 14, Case Number A-25-911764-C.

Dated: August 12, 2025

_____
Cristina D. Silva
United States District Judge